**PG** | **PERRY GUHA** LLP

SAMIDH GUHA
212-399-8350 PHONE
sguha@perryguha.com EMAIL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: _5/25/2022___

# MEMORANDUM ENDORSED

May 23, 2022

Vɪᴀ ECF

The Honorable Gregory H. Woods
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

> Re:   *United States v. Warren Michael Wilder*, 20 Cr. 543 (GHW)
>        **Joint Scheduling Letter – *Fatico* hearing**

Dear Judge Woods:

We submit this letter jointly with the Government, in compliance with the Court's order dated April 20, 2022. In the Order, Your Honor instructed the parties to "file a joint letter with a proposal for the adjudication of any factual disputes raised in connection with the sentencing proceeding, a proposed sentencing date or dates, and deadlines for the parties' respective sentencing submissions." ECF No. 99. The parties have conferred in good faith and at length but unfortunately have not been able to reach consensus on a path forward. We write to outline our proposal and the government's proposal for Your Honor's consideration.

As the Court is aware, our client Warren Wilder pled guilty on January 27, 2022 to a single count of knowingly possessing a firearm. Mr. Wilder continues to dispute the application of USSG §2A2.1(a)(1), USSG §2X1.1, and USSG §2K2.1(c)(1)(A) to his sentencing guidelines calculation. Mr. Wilder's position is that USSG §2K2.1(a)(4)(A) is the appropriate base offense statute and that none of the enhancements for attempted first degree murder apply.

**Mr. Wilder's Position**

While the government proposes, as described below in further detail, a joint *Fatico* hearing for Mr. Wilder and his co-defendant Mr. Morgan to be held on June 10, 2022 as previously scheduled for Mr. Morgan, we submit that such a schedule would be unfair to Mr. Wilder, both substantively and procedurally. Mr. Wilder is very differently situated with respect to the imposition of any application guideline than his co-defendant. There is no factual dispute that Mr. Wilder transferred this firearm to Mr. Morgan. Mr. Wilder pled guilty to this conduct. However, it was Mr. Morgan – not Mr. Wilder – who subsequently discharged the firearm and injured two people including Mr. Wilder's nephew. Underscoring this difference and squarely relevant to this sentencing dispute, the government has produced no evidence in discovery that suggests Mr. Wilder had the intent requisite to support the application USSG §2A2.1(a)(1), assault with intent to commit first degree murder or, for that matter, to support even a lesser application enhancement under the same provision.

The Honorable Gregory H. Woods
May 23, 2022

Accordingly, Mr. Wilder respectfully requests that the Court adopt a similar procedural and substantive protocol as it did with respect to Mr. Wilder's co-defendant in this case. Mr. Wilder asks that the Court order the government to identify any evidence in support of the application of USSG §2A2.1(a)(1) and that Mr. Wilder be permitted to review any evidence submitted by the Government and respond within seven days of such disclosure. To the extent that the government makes a sufficient *prima facie* showing, Mr. Wilder would advise the Court of any evidence he seeks to produce in response and be prepared for a *Fatico* hearing if necessary.

In furtherance of his position, Mr. Wilder proposes the following schedule for the Court's consideration, pending the Court's approval of this protocol and its availability:

- On June 10, 2022 or earlier, the government will submit any evidence upon which it intends to rely in support of its proposed Guidelines application.

- On June 17, 2022, Mr. Wilder will respond to the government's disclosures, challenging the sufficiency of the government's *prima facie* burden and/or identifying evidence in opposition to the government's position.

- Following these submissions, if necessary, Mr. Wilder will ask that a *Fatico* hearing be held on June 24, 2022, or such date thereafter that is convenient for Your Honor and the government, to resolve any outstanding dispute.

Mr. Wilder is willing to accommodate any scheduling issues that the government may have that conflict with his proposal.

## The Government's Position

The Government respectfully requests that the Court schedule a *Fatico* hearing with respect to Warren Wilder. Specifically, the Government requests that the June 10, 2022 *Fatico* hearing already scheduled with respect to co-defendant Wayne Morgan also include any testimony and evidence relevant to defendant Warren Wilder's disputed Guidelines calculation. Like Morgan, Wilder has objected to the Guidelines calculation in his Presentence Report, specifically, the applicability of the attempted murder cross-reference. The Government therefore requests a *Fatico* hearing to resolve the underlying factual disputes prior to Wilder's sentencing. While the Government has previously indicated that it did not intend to call witnesses of its own at Morgan's *Fatico* hearing, were Wilder included in that *Fatico* hearing, the Government intends to call a Detective who interviewed Wilder prior to Wilder's being charged and expects also to review other exhibits with that witness, including exhibits submitted in connection with Morgan's sentencing. The Government also understands that Wilder may testify at the *Fatico* hearing. Because Morgan's and Wilder's dispute with the Guidelines – and any individual *Fatico* hearing – turns on substantially the same facts, to be decided by the same fact finder, regarding the same course of events, the Government respectfully requests that the Court hold a single *Fatico* hearing on June 10 regarding the events of August 31, 2020, the day of the shooting. The Government proposes that it provide copies of its exhibits (which may include recordings in addition to those already submitted, such as, in particular, the audio recordings referenced and transcribed in the Complaint charging Wilder) and Rule 26.2 material to the

2

The Honorable Gregory H. Woods
May 23, 2022

defendants and the Court by June 6 (*i.e.*, the Monday prior to the Friday hearing), and the defendants adhere to the same deadline for their exhibits and 26.2 material. In the Government's view, the anticipated *Fatico* hearing and the accompanying pre-hearing disclosure of exhibits and Rule 26.2 material obviate the need for submissions of evidence by sworn declarations.

Additionally, for scheduling purposes, counsel for the Government notes that he will be on work travel from June 15 through June 17, on trial beginning July 12 for up to three weeks, and on trial beginning August 8 for up to two weeks.

\*\*\*\*\*

The parties thank the Court for its consideration of this matter and these requests.

Regards,

Samidh Guha
Joshua Perry
Sophia G. Weinstock
PERRY GUHA LLP
1740 Broadway, 15th Floor
New York, New York 10019
Email: sguha@perryguha.com
Telephone: (212) 399-8330
Facsimile: (212) 399-8331

cc:  AUSA Micah Fergenson

The Court will hold a combined *Fatico* hearing with respect to Mr. Morgan and Mr. Wilder on June 10, 2022 at 9:00 a.m.  Counsel for Mr. Wilder may misapprehend the process put in place for Mr. Morgan.  The United States and Mr. Morgan took the position that they did not need to present oral testimony to the Court to enable it to resolve the factual dispute related to Mr. Morgan's sentencing.  The process established by the Court with the parties' consent permitted the parties to present the relevant written record for the Court's evaluation.  The Court did not require the United States to make a threshold *prima facie* showing.  The Court determined that oral testimony would be required to permit the Court to resolve the factual dispute after reviewing the parties' written submissions.  Here, by contrast, the Government has proffered that it expects to offer oral testimony for the Court to resolve the factual dispute with respect to Mr. Wilder's guidelines calculation from the outset, therefore an in-person hearing is necessary.  The process put in place for Mr. Morgan at the outset, assuming that there might be no oral testimony, will not work.  Mutual disclosures of the parties' 26.2 materials and exhibits by the Monday before the Friday hearing provides sufficient time for the defendant to prepare for the hearing.  Conducting a joint hearing will give the parties the opportunity to place all of the relevant facts before the Court, and will be most efficient.  The parties should anticipate a lengthy hearing to accommodate a full exploration of the testimony of Mr. Morgan's purported expert witness in addition to the issues to be raised with respect to Mr. Wilder.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 106.

SO ORDERED.
Dated:  May 25, 2022
New York, New York

GREGORY H. WOODS
United States District Judge

3